UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JULIE DERMANSKY,<br><br>                              Plaintiff,<br><br>       - against -<br><br><br>BONNIER CORPORATION<br><br>                       Defendant. | Docket No. 1:17-cv-9595<br><br>JURY TRIAL DEMANDED |

## <u>COMPLAINT</u>

Plaintiff Julie Dermansky ("Dermansky" or "Plaintiff") by and through her undersigned

counsel, as and for her Complaint against Defendant Bonnier Corporation, ("Bonnier" or

"Defendant") hereby alleges as follows:

### <u>NATURE OF THE ACTION</u>

1.     This is an action for copyright infringement under Section 501 of the Copyright

Act and for the removal and/or alteration of copyright management information under Section

1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's

unauthorized reproduction and public display of a cheetah taxidermy owned and registered by

Dermansky, a professional photographer. Accordingly, Dermansky seeks monetary relief under

the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### <u>JURISDICTION AND VENUE</u>

2.     This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court

has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.    This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacting doing business in New York and is registered to do business in the State of New York.

4.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.    Dermansky is a professional photographer in the business of licensing her photographs to online and print media for a fee having a usual place of business at 2357 Cours Carson Street, Mandeville, LA 70448.

6.    Upon information and belief, Bonnier is a foreign business corporation duly organized and existing under the laws of the State of Delaware, with a place of business at 2 Park Avenue, New York, New York 10016. Upon information and belief, Bonnier is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, Bonnier has owned and operated a website at the URL: www.OutDoorLife.com (the "Website").

## STATEMENT OF FACTS

**A.    Background and Plaintiff's Ownership of the Photograph**

7.    Dermansky photographed a cheetah taxidermy (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8.    Dermansky is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

9.    The Photograph was registered with United States Copyright Office and was given Copyright Registration Number VA 2-062-374.

**B.    Defendant's Infringing Activities**

10.     Bonnier ran an article on the Website entitled *Badly Stuffed Animals: The Worst Taxidermy Mounts from Facebook*. See https://www.outdoorlife.com/photos/gallery/hunting/2011/07/30-worst-taxidermy-photos-facebook. The article prominently featured the Photograph. A screen shot of the article with the Photograph is attached hereto as Exhibit B.

11.     Bonnier did not license the Photograph from Plaintiff for its article, nor did Bonnier have Plaintiff's permission or consent to publish the Photograph on its Website.

12.     Plaintiff first discovered the Photograph on the Website on July 31, 2017.

### FIRST CLAIM FOR RELIEF
### (COPYRIGHT INFRINGEMENT AGAINST BONNIER)
### (17 U.S.C. §§ 106, 501)

13.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14.     Bonnier infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Bonnier is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

15.     The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16.     Upon information and belief, the foregoing acts of infringement by Bonnier have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17.     As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST
## BONNIER
## (17 U.S.C. § 1202)

18.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-17 above.

19.     When the Photograph was published on Dermansky's Website, there was a credit to Julie Dermansky which is considered copyright management information under 17 U.S.C. § 1202(b). See Exhibit C.

20.     Upon information and belief, Bonnier intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

21.     The conduct of Bonnier violates 17 U.S.C. § 1202(b).

22.     Upon information and belief, Bonnier's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

23.     Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Bonnier intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph. Bonnier also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph.

24.     As a result of the wrongful conduct of Bonnier as alleged herein, Plaintiff is entitled to recover from Bonnier the damages, that he sustained and will sustain, and any gains,

profits and advantages obtained by Bonnier because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

25.     Alternatively, Plaintiff may elect to recover from Bonnier statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1.     That Defendant Bonnier be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2.     The Defendant Bonnier be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3.     Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph;

4.     That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5.     That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6.      That Plaintiff be awarded her costs, expenses and attorneys' fees pursuant to

17 U.S.C. § 1203(b);

7.      That Plaintiff be awarded pre-judgment interest; and

8.      Such other and further relief as the Court may deem just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal

Rule of Civil Procedure 38(b).


Dated: Valley Stream, New York
         December 7, 2017

LIEBOWITZ LAW FIRM, PLLC

By: <u>/s/Richard Liebowitz</u>
     Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Julie Dermansky*